UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOCAL 78, ASBESTOS, LEAD &
HAZARDOUS WASTE LABORERS, AFL-CIO,

                Plaintiff,                01 Civ. 5589 (RJH)

              - against -

TERMON CONSTRUCTION, INC.,        **MEMORANDUM OPINION & ORDER**

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This is an action brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 for breaches of a collective bargaining agreement ("CBA") between Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO ("Local 78") and Termon Construction, Inc. ("Termon"). On May 17, 2005, following a one-day bench trial on liability, the Court issued an oral opinion finding that Termon had breached Articles I, III, IV and X of the CBA. Specifically, the Court found that (1) Termon breached Article VII of the CBA by failing to pay certain wages and benefits to Local 78 members for work performed at the Vladeck Houses work site prior to June 12, 2001 (Tr. at 27); (2) Termon breached Articles I and IV of the CBA by failing to apply its terms to pay every asbestos handler scheduled wage rates whether or not the employees were Local 78 members and failing to contribute benefits and dues on behalf of those workers (Tr. at 27); (3) Termon breached Articles III and X of the CBA by failing to use Local 78 handlers and shop stewards at identified job sites (Tr. at 78); and (4) Termon

breached Article X of the CBA by failing to allow Local 78 representatives to inspect the Harlem River work site on June 12, 2001.

A trial on damage issues was held on November 29, 2006 at which time defendant failed to appear. The following findings, therefore, are based solely on the uncontested submissions made by plaintiff.

1. <u>Breach of Article VI</u>. The plaintiff has presented evidence that Termon failed to pay twenty-one (21) Local 78 members identified in Exhibit A to the Declaration of Lowell Peterson dated June 21, 2005 for work performed at the Vladeck Houses project. The total wages owed by Termon is $11,922.49.

2. <u>Breach of Articles I and IV</u>. As the Court found in its decision on liability, Termon repudiated the CBA on June 12, 2001 and thereafter employed non-union members at certain identified job sites. (Tr. at 22, 27.) Payroll records produced by Termon indicated that it paid workers, on average, approximately $3.50 per hour below Local 78's wage rate of $23.15/hour. Based on an estimate of 27,904 hours of labor, Local 78 seeks a total of $97,664 in wage shortages for the effected workers. It is well established that a union may recover wages claimed by its members pursuant to the terms of a collective bargaining agreement. *See International Union v. Hoosier*, 383 U.S. 696, 699-700 (1966). However, there is no evidence in the record that the underpaid workers were union members represented by Local 78; indeed, the evidence appears to the contrary. Furthermore, plaintiff offers no evidence as to the identity of these workers, nor any explanation as to how an award of damages would be distributed to them. Accordingly, the Court declines to award damages for underpayment of wages to unidentified non-union workers.

Local 78 also seeks damages to reflect the benefit contributions that Termon was obligated to make to the union funds with regard to all of Termon's employees, including the non-union workers it wrongfully employed. This direct injury to Local 78 is compensable and plaintiff has submitted competent evidence that it is entitled to $153,803.90 in unpaid benefits.

3. <u>Breach of Articles III and X</u>. Plaintiff estimates that had Termon hired union workers as required by the CBA, it would have paid Local 78 members wages of $649,455.90 net of $153,803.90 in benefit contributions that would have been made to plaintiff on the members' behalf. The Court finds plaintiff's estimates reasonable and awards $649,455.90 in wages to be distributed to union members and shop stewards who were on the Union's out-of-work list during the relevant time periods. All such distributions shall be subject to further order of the Court authorizing payments to identified union members.

4. <u>Breach of Article X</u>. As damages for defendant's denial of access by a Local 78 representative to the Harlem River work site the court awards legal fees and disbursements incurred in connection with the criminal trespass charges of $7,393.75.

5. <u>Attorney Fees</u>. The facts and circumstances of this case, including the willful nature of Termon's breaches of the CBA and its failure to comply with the Court's discovery orders warrants an award of attorney's fees. Having reviewed counsel's diary entries, the Court finds fees in the amount of $116,937.50 and disbursements in the amount of $5,027.59 to be reasonable.

6. <u>Interest</u>. The Court, in its discretion, grants prejudgment interest at a rate of 9% per annum consistent with N.Y. C.P.L.R. §§ 5001-5004.

## CONCLUSION

The plaintiff is directed to submit a proposed Judgment consistent with the foregoing order on or before December 17, 2007.

SO ORDERED.

Dated: New York, New York
November 16, 2007

Richard J. Holwell
United States District Judge